UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 3:17-cr-00110-LRH-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| FIDEL GARIBAY, | |
| Defendant. | |

Before the Court is Defendant Fidel Garibay's ("Garibay") motion for compassionate release (ECF No. 59). The government opposed the motion (ECF No. 61), to which Garibay filed no reply. For the reasons contained in this Order, the Court denies the motion.

**I.   BACKGROUND**

On November 16, 2017, Garibay—along with his co-defendant Salvador Perez—drove and delivered four pounds of methamphetamine to a contact located in the Nugget Casino in Sparks, Nevada. ECF No. 34, at 5. Both were arrested, and Garibay voluntarily admitted that he knew the methamphetamine was in the vehicle. *Id.* Garibay maintains that he served only a minor role in the conspiracy because he only drove the vehicle to the casino. ECF No. 59, at 2

On November 29, 2017, Garibay and Perez were indicted by a Federal Grand Jury and Garibay subsequently pled guilty to conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. ECF Nos. 31, 34. On August 17, 2018, this Court entered judgment sentencing Garibay to 57 months' imprisonment. ECF No. 41. Garibay's projected release date is on December 2, 2021.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3582(c), "the court may not modify a term of imprisonment once it has been imposed," except under specified conditions. For a motion brought under § 3582(c)(1)(A)(i), those specified conditions include the exhaustion of administrative remedies or the Bureau of Prison's inaction for thirty days. The Court finds that Garibay has exhausted the administrative remedies available.

18 U.S.C. § 3582(c)(1)(A) provides:

> [T]he court, . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses, for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

The relevant United States Sentencing Guidelines policy statement provides that the Court may reduce a term of imprisonment if the Court determines that:

> (1)   (A) extraordinary and compelling reasons warrant the reduction; or
>
>    (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S. SENTENCING GUIDELINES MANUAL § 1B1.13 (U.S. SENTENCING COMM'N 2018). Extraordinary and compelling reasons include (1) the medical condition of the defendant, (2) the age of the defendant, (3) family circumstances, or (4) any other extraordinary or compelling reason, as determined by the Director of the Bureau of Prisons. *Id.* § 1B1.13 app. n.1.

The Court, in ruling upon a motion for compassionate release, may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." In addition to this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) to the extent that they are applicable and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

### III.    DISCUSSION

Garibay does not present extraordinary or compelling reasons warranting release or a reduction in his sentence. Garibay claims that he was recently diagnosed with tuberculosis, and that the illness places him at a higher risk of severe complications stemming from COVID-19. ECF No. 59, at 9. The Court finds that Garibay's claims are unsubstantiated.

First, as a general matter, the CDC has yet to conclude whether tuberculosis causes an individual to get severely ill from COVID-19. Currently, the CDC does not list tuberculosis as a medical condition that is more likely to cause severe illness in patients infected with COVID-19.[1] In turn, district courts within the Ninth Circuit have yet to reach a consensus as to whether tuberculosis constitutes a risk factor warranting release. *Compare United States v. Heredia*, 2020 WL 3971617, at *2 (N.D. Cal. July 14, 2020) ("…the CDC has not identified laten tuberculosis, or even active tuberculosis, as a condition that places a person at heightened risk of contracting a severe illness if infected with COVID-19.") *with United States v. Galaz*, 2020 WL 4569125, at *5 (S.D. Cal. Aug. 7, 2020) (recognizing that defendant's tuberculosis, combined with other risk factors, created extraordinary and compelling circumstances warranting a reduced sentence). While the Court is mindful that both tuberculosis and COVID-19 are serious respiratory diseases, the Court does not have sufficient expertise to speculate as to whether combined, the two cause worse outcomes for infected individuals.

However, more importantly, the Court cannot verify whether Garibay has in fact been diagnosed with tuberculosis. The Court has not been presented with concrete evidence that Garibay

---

[1] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 9, 2021).

is currently suffering from tuberculosis. His Patient Profile Summary dated April 8, 2020 states that he had a history of tuberculosis, but that prison officials never confirmed his alleged diagnosis. Moreover, a Tuberculosis Symptom Form dated December 8, 2020 indicated he had no symptoms of tuberculosis. As such, even if the CDC listed tuberculosis as a risk factor, the Court would still need confirmation of Garibay's diagnosis before it could find that extraordinary and compelling reasons exist.

Garibay also argues his release is warranted because of COVID-19 outbreaks that have taken place at federal prisons across the country. The Court is aware of the considerable toll COVID-19 has had on both prison officials and prisoners. However, unlike only a few months ago, promises of the vaccine are very encouraging. The Court fully expects that inmates like Garibay will receive the vaccine sooner rather than later. Therefore, on balance, the Court finds that extraordinary and compelling reasons do not exist in this case.

Lastly, the Court must also weigh whether a modified sentence is warranted under the §3553(a) factors, including whether Garibay poses a danger to the community. Especially concerning to the Court is the fact that Garibay was found transporting methamphetamine across northern Nevada. While Garibay did not carry a firearm or commit acts of violence, drug trafficking causes permanent physical, mental, and emotional harm to the communities it touches. This is especially evident in Nevada where the two largest counties have been identified as "High Intensity Drug Trafficking Areas."[2]

Therefore, with these considerations in mind, the Court will deny modifying Garibay's current sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court finds that his current sentence reflects the seriousness of his crimes, promotes respect for the law, provides adequate punishment for his crimes, and adequately deters this conduct.

///

///

///

///

---

[2] DEA, HIDTA, https://www.dea.gov/divisions/hidta (last visited Jan. 25, 2021).

### IV. CONCLUSION

IT IS THEREFORE ORDERED that Garibay's motion for compassionate release (ECF No. 59) is **DENIED.**

IT IS FURTHER ORDERED that the government's motion for leave to file exhibit A under seal (ECF No. 62) is **GRANTED** because Garibay's medical history is protected.

IT IS SO ORDERED.

DATED this 19th day of April, 2021.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE